# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| In the Matter of:<br>CHARLES LYNN DAVIDSON<br>SSN: XXX-XX-8544<br><br>Debtor(s). | CASE NO. 10-83190-JAC-13<br><br>CHAPTER 13 |
| CHARLES LYNN DAVIDSON<br>Plaintiff(s),<br>v.<br><br>REDSTONE FEDERAL CREDIT UNION<br>Defendant(s). | AP NO. 10-80082-JAC-13 |

## MEMORANDUM OPINION

This case is before the Court on the parties' cross-motions for summary judgment. Both parties filed excellent briefs and after consideration of same, the Court finds that Redstone's judgment lien recorded on February 2, 2004 is primed by Regions Bank's second mortgage lien recorded on June 14, 2002 despite the typographical error contained in the mortgage. As explained in the case of *AuCoin v. AuCoin*, 727 So.2d 824 (Ala. Civ. App. 1998), a mortgage or deed that does not express the true intentions of the parties may be reformed under ALA. CODE § 35-4-153 (1975) on the basis of mutual mistake to the extent same "can be done without prejudice to rights acquired by third persons in good faith and for value." While reformation may not be allowed under § 35-4-153 to the extent same prejudices the rights of a bona fide purchaser for value, reformation is allowed against those claiming under the original parties in privity such as judgment creditors like Redstone. *AuCoin v. AuCoin,* 727 So.2d at 826; *See also Beasley v. Mellon Fin. Servs. Corp.,* 569 So.2d 389 (Ala. 1990).

As Redstone is not a bona fide purchaser, Regions' second mortgage is subjection to reformation under ALA. CODE § 35-4-153 (1975) and primes Redstone's judgment lien.  Based upon the foregoing, the § 522(f)(2)(A) calculation for determining the amount of non-exempt equity to which Redstone's judgment lien attaches must include Regions' second mortgage as follows, the parties having agreed to value:

| | |
|---|---|
| Agreed value of home | $135,000.00 |
| Regions' first mortgage lien | - $106,343.82 |
| Regions' second mortgage lien | - $ 11,853.65 |
| Homestead exemption | - $   5,000.00 |
| Total non-exempt equity: | $   11,802.53 |

As the amount of the § 522(f)(2)(A) calculation exceeds the value of the debtor's interest in the property absent any liens by $6,035.09, Redstone's judgment lien in the amount of $17,837.62 is hereby reduced to $11,802.53 with interest to be paid at the plan rate of 5.25% with the balance of the claim to be allowed as an unsecured claim.

A separate order will be entered consistent with the opinion.

Dated:  December 21, 2010

/s/ Jack Caddell
Jack Caddell
U.S. Bankruptcy Judge